## 20901. NATIONAL BENEFIT LIFE INSURANCE COMPANY v. DECKSON.

STEPHENS, J. 1. Where an insurance contract provides that "the weekly premiums shall be paid on or before every Monday, in advance, . . and a failure to pay the same for four consecutive Mondays, including day of maturity, will forfeit all claim hereunder except as hereinafter provided; . . [and] should the insured die while a premium on this policy is in arrears for a period not exceeding four Mondays, the company will pay the amount of insurance provided herein less the amount of premiums in arrears, subject to the conditions of the policy, but

after the expiration of the said period of grace the company's liability under this policy shall cease, except as hereinafter provided," the "day of maturity" of any weekly premium is the Monday on which it is due in advance, and a weekly premium which is not paid on or before the Monday when it is due in advance is in "arrears." Where, after payment of the weekly premium installment due on Monday, February 25, 1929, in advance for the week beginning on that day, no further premiums were paid on the policy, premiums became past due for "four consecutive Mondays, including day of maturity," after Monday, March 25; and after this date the policy became in arrears for "a period" exceeding four Mondays. After Monday, March 25, the grace period for the payment of premiums had expired and all claims under the policy had become forfeited, in the absence of any provision otherwise in the policy; and, upon the death of the insured on April 1, 1929, there was no liability under the policy.

2. In a suit by the beneficiary against the company to recover under the policy, the verdict and judgment found for the plaintiff were unsupported by the evidence, and are contrary to law.

*Judgment reversed. Jenkins, P. J., and Bell, J., concur.*

DECIDED JULY 17, 1931.

*Robert G. Plunkett,* for plaintiff in error.
*Sibley & Sibley,* contra.

